UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
: 
UNITED STATES OF AMERICA
:     **PRELIMINARY ORDER OF**
  - v. -     **FORFEITURE AS TO**
:     <u>**SUBSTITUTE ASSETS**</u>
RAJEN MANIAR,
:     15 Cr. 261 (JSR)
        Defendant.
: 
------------------------------------- x

      WHEREAS, on or about April 23, 2015, RAJEN MANIAR (the "Defendant"), was charged in a three-count Information, 15 Cr. 261 (JSR) (the "Information"), with conspiracy to commit mail fraud, wire fraud and health care fraud, in violation of Title 18, United States Code, Section 1349 (Count One); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Two); and false statements, in violation of Title 18, United States Code, Section 1001 (Count Three);

      WHEREAS, The Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), of all property, real and personal, that constitutes, or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense charged in Count One of the Information, including but not limited to certain specific property (the "Specific Property");

      WHEREAS, The Information included a forfeiture allegation as to Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any property, real and personal, involved in the offense alleged in Count Two

1

of the Information and property treatable to such property, including but not limited to the Specific Property;

WHEREAS, the Information also included a substitute asset provision providing notice that if as a result of the Defendant's actions or omissions forfeitable property was unable to be located or obtained, the United States would seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant;

WHEREAS, on or about April 14, 2015, the Defendant pled guilty to Counts One through Three of the Information pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One and Two of the Information and agreed to forfeit to the United States (a) a sum of money equal to at least $28,272,909 in United States currency, representing gross proceeds traceable to the commission of the offense charged in Count One, and property involved in the offense charged in Count Two of the Information, and (b) all of the Defendant's right, title and interest in the Specific Property;

WHEREAS, on or about July 17, 2017, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, imposing a money judgment against the Defendant in the amount of $26,200,000 (the "Money Judgment"), representing the amount of gross proceeds traceable to the offense charged in Count One of the Information and property involved in the offense charged in Count Two of the Information, and forfeiting to the United States all right, title and interest of the Defendant in the Specific Property, and certain substitute assets described as 90 watches seized by the Government on or about May 31, 2017 (the "Seized Watches") (D.E. 7);

WHEREAS, on or about September 7, 2018, the Court entered a Final Order of Forfeiture with respect to the Seized Watches (D.E. 13);

WHEREAS, on or about November 22, 2021, the Court entered a Final Order of Forfeiture with respect to the Specific Property (D.E. 17);

WHEREAS, to date, $25,931,719.35 of the Money Judgment entered against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offenses, other than the Specific Property, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the Government has identified the following assets in which the Defendant has an ownership interest:

    a.    Approximately $160.41 in United States currency currently being held in the Bank of America Account ending in 7680;

    b.    Approximately $10,000.13 in United States currency currently being held in the Bank of America Account ending in 4499; and

    c.    Approximately $50.08 in United States currency currently being held in the Bank of America Account ending in 0277;

(a. through c., collectively, the "Substitute Assets"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Assets.

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.  All of the Defendant's right, title and interest in the Substitute Assets are hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2.  Upon entry of this Preliminary Order of Forfeiture of Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep them in its secure, custody and control.

3.  Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

4.  Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.  The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts

supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York
       4/11, 2025

SO ORDERED:

_____
HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE